UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PEDRO MOLINA,

                Plaintiff,                NOT FOR ELECTRONIC OR
                                                      PRINT PUBLICATION
                                                      **MEMORANDUM AND ORDER**
        -against-

                                                      09-CV-1281 (CBA)
QUEENS COURT,

                Defendant.
-----------------------------------------------------------------x
AMON, United States District Judge:

      Plaintiff Pedro Molina, who was then in custody at Rikers Island, filed this *pro se* Civil Rights Complaint in the United States District Court for the Southern District of New York on November 18, 2008. The complaint was transferred to this Court on March 24, 2009. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 is granted for the limited purpose of this Order. For the reasons set forth below, the action is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), with leave to amend the complaint within 30 days from the date of this Order.

## BACKGROUND

      The nature of plaintiff's concerns are not clear from the complaint. It appears that plaintiff had a criminal case in the New York Supreme Court, Queens County, some time ago. Plaintiff states that he went to Puerto Rico and "N.Y. contact them tell them they close my case here" [*sic*]. It appears that the case was later reopened, and a bench warrant issued on August 22, 1994. Plaintiff states that "I got into trouble in Jersey. Queen Court reopen my case on old warrant" [*sic*].

      In his demand for relief, plaintiff states "I want them to pay me for my time in jail for

emotional pain and stress and I want the Queens Court to pay me for their wrongs arrest warrant" [*sic*].

## DISCUSSION

### A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, 28 U.S.C. § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

### B. Eleventh Amendment Immunity

Plaintiff's claims against the Queens County Court must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")(citations omitted). The Queens County Court is an agency of the State. See Brown v. N.Y. State Supreme Court for the Second Judicial Dist., No. 09-cv-0234 (BMC), 2009 WL 412131, at *2 (E.D.N.Y. Feb. 17, 2009). Accordingly, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii).

### C. Leave to Amend

Plaintiff filed his action pursuant to the Civil Rights Act, 42 U.S.C. § 1983 ("§ 1983"), which authorizes claims for the violation of constitutional rights. In order to maintain an action pursuant to § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] . . . only a

procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

Plaintiff states that he "got into trouble in Jersey" and was arrested on an outstanding bench warrant from the old Queens County case. Plaintiff claims that the Court wrongfully "reopened" his case with respect to the old warrant, and he references "double jeopardy," which, liberally construed, could refer to an allegation of violation of his Fifth Amendment rights. Moreover, plaintiff's claim of "wrongs arrest warrant," liberally construed, may seek to assert a claim for false arrest. To prevail on a claim for false arrest, plaintiff must demonstrate the absence of probable cause to arrest. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Id. at 119. In light of plaintiff's *pro se* status, the Court grants leave to amend the complaint to state a claim for false arrest.

## CONCLUSION

For the reasons stated above, the Court finds that the named defendant is protected by Eleventh Amendment immunity from suit and must be dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B). The Court grants leave to file an amended complaint within 30 days of this Order. Plaintiff must name individual defendants and specify how each defendant may have violated his constitutional rights. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

If plaintiff fails to replead within the time allowed, judgment dismissing the complaint in its entirety shall be entered. No summons shall issue at this time, and all further proceedings

shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
April 30, 2009

5